**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAMIAN MALDONADO,**

**Plaintiff,**

**v. Case No. 8:25-cv-03032-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social Security Administration,**

**Defendant.**
**_____________________________________/**

# ORDER

Damian Maldonado requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' memoranda, the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL HISTORY

On May 22, 2024, Mr. Maldonado filed an application for a period of disability and DIB alleging disability beginning April 24, 2024. (Tr. 196–97). Mr. Maldonado's claims were denied initially and on reconsideration. (Tr. 97–

101, 111–14). Mr. Maldonado requested an administrative hearing. (Tr. 124–26). An ALJ held a hearing and, on April 4, 2025, issued a decision finding Mr. Maldonado not disabled. (Tr. 18–36). Mr. Maldonado filed a request for review, which the Appeals Council denied on September 24, 2025. (Tr. 5–10). The hearing decision then became the Commissioner's final decision. Mr. Maldonado now requests review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Maldona was 50 years of age on his alleged disability onset date. (Tr. 77). Mr. Maldonado has a high school education and prior work experience as an escrow manager. (Tr. 45, 71, 258, 272–73). Mr. Maldonado alleged disability due to posttraumatic stress disorder, "TBI," bilateral wrist condition, prostate condition, severe migraine, rib cage pain, right elbow condition, "severe TMJ," insomnia, "severe GERD," sleep apnea, bilateral foot condition, tinnitus, neck condition, right shoulder condition, hernia, hearing loss, and kidney stones. (Tr. 257).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a disability claim.[1] 20

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ found Mr. Maldonado meets the insured status requirements of the Social Security Act through December 31, 2029. (Tr. 23). At step one of the sequential evaluation process, the ALJ found Mr. Maldonado had not engaged

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

in substantial gainful activity since April 24, 2024, the alleged disability onset date. (*Id.*). At step two, the ALJ found Mr. Maldonado had these severe impairments: skeletal spine disorder; history of bilateral ulnar entrapment with left elbow surgery; history of right shoulder surgery; carpal tunnel syndrome; and migraine headaches. (*Id.*). At step three, the ALJ found Mr. Maldonado had not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R, Part 404, Subpart P, Appendix 1. (*Id.*).

The ALJ then determined Mr. Maldonado had the RFC to perform light work,[3] except:

> he can frequent[ly] climb ramps and stairs. He can occasionally climb ladders/ropes/scaffolds, stoop, crouch, and crawl. He can frequently bend and kneel. He can frequent[ly] reach, handle, finger, feel, push, and pull with the bilateral upper extremities. He must avoid concentrated exposure to vibration, pulmonary irritants, and hazards. He is limited to a moderate noise environment.

(Tr. 26).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

At step four, the ALJ determined Mr. Maldonado could perform his past relevant work of an escrow manager. (Tr. 29). Thus, the ALJ concluded Mr. Maldonado was not disabled, as defined in the Social Security Act, from April 24, 2024, through the date of the decision, August 4, 2025. (Tr. 30–31).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment

for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B. Issues on Appeal**

Mr. Maldonado argues that the ALJ found his migraine headaches severe but failed to incorporate them in the RFC assessment properly. (*Id.,* p. 3). Specifically, Mr. Maldonado argues the ALJ failed to address three factors when determining his RFC. (*Id.).* First, Mr. Maldonado argues the ALJ failed to address his complaints of photophobia. (*Id.*, p. 5). Second, Mr. Maldonado argues the ALJ failed to address the Veteran Administration's (VA) 50% disability rating for Mr. Maldonado's migraine headaches. (*Id.*). Third, Mr. Maldonado argues the ALJ improperly interpreted the term "stable" as asymptomatic, rather than "staying the same." (*Id.*).

In response, the Commissioner argues the ALJ properly evaluated Mr. Maldonado's claim based on the objective and subjective evidence in the record. (Doc. 17, pp. 4–6).

The burden of proving disability always rests with the plaintiff. *See* 20 C.F.R. § 404.1512; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).

The ALJ evaluated the evidence in the record using the five-step evaluation process authorized by the Social Security Administration. (Tr. 22). Before considering step four of the five-step process, the ALJ must determine Mr. Maldonado's RFC. 20 C.F.R. § 404.1520(e). (*Id.*). Mr. Maldonado's RFC is the most that he can still do despite his limitations and is assessed based on the relevant objective and subjective evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1); Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (July 2, 1996). The ALJ has the responsibility of assessing Mr. Maldonado's RFC based on the evidence presented in the hearing. See 20 C.F.R § 404.1546(c); *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016).

Here, the ALJ determined, based on the entire record, that Mr. Maldonado had the RFC to perform light work with additional limitations. (Tr. 26). In reaching this determination, the ALJ considered the medical evidence and Mr. Maldonado's subjective complaints. (Tr. 26–29).

**1. Substantial evidence supports the ALJ's RFC assessment despite Mr. Maldonado's complaints of photophobia.**

Mr. Maldonado argues the ALJ failed to address his complaints of photophobia, or light sensitivity, when determining Mr. Maldonado's RFC. (Doc. 16, p. 5). During the hearing, Mr. Maldonado testified regarding his sensitivity to light and that he experienced severe migraines two to three times

per week. (Tr. 26, 62–64).

The ALJ considered Mr. Maldonado's testimony regarding his migraine symptoms when assessing his RFC. (Tr. 26). However, the ALJ found Mr. Maldonado's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence in the record. (Tr. 27).

In evaluating Mr. Maldonado's migraine symptoms, the ALJ considered treatment records from Watson Ducatel, D.O., who concluded that Mr. Maldonado appeared able to complete activities of daily living. (Tr. 3034–37). However, he may experience pain while doing so. (*Id.*). The ALJ also considered the opinions of State agency medical consultants Paul Sporn, M.D., and Julie Shamma, D.O., who determined Mr. Maldonado could perform a range of light work with additional limitations. (Tr. 80–83, 92–95).

Although the ALJ did not separately discuss Mr. Maldonado's photophobia, an ALJ is not required to specifically refer to every piece of evidence in the decision so long as the decision demonstrates that the ALJ considered the claimant's medical condition as a whole. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Here, the ALJ considered Mr. Maldonado's testimony concerning his migraine symptoms, evaluated the medical evidence related to those symptoms, and explained why his statements concerning the intensity,

persistence, and limiting effects of his symptoms were inconsistent with other evidence in the record. (Tr. 26–29). Thus, the ALJ's failure to separately discuss photophobia does not establish that the ALJ failed to consider Mr. Maldonado's migraine symptoms as they relate to his limitations. Therefore, substantial evidence supports the ALJ's RFC assessment.

**2. The ALJ was not bound by the VA's 50% disability rating for Mr. Maldonado's migraine headaches.**

Mr. Maldonado argues the ALJ failed to properly consider the VA's 50% service-connected disability rating for his migraine headaches. (Doc. 16, p. 5). The VA assigned Mr. Maldonado a 50% service-connected disability rating for migraine headaches. (Tr. 3581–82). However, an ALJ is not bound by a disability determination made by another governmental agency because that determination is based on the other agency's rules. *See* 20 C.F.R. § 404.1504; *Isbell v. Soc. Sec. Admin., Comm'r*, No. 22-10938, 2023 WL 2606614, at *1 (11th Cir. Mar. 23, 2023). For claims subject to § 404.1504, the ALJ is not required to provide any analysis about a decision made by another governmental agency regarding whether a claimant is disabled. *See* 20 C.F.R. § 404.1504. The ALJ must, however, consider the supporting evidence underlying that agency's decision received as evidence in the Social Security claim. (*Id.*).

Here, although the record reflects that the VA assigned Mr. Maldonado

a 50% service-connected disability rating for migraine headaches, the VA's disability determination was not binding on the ALJ. Rather, the ALJ was required to evaluate Mr. Maldonado's claim under the Social Security Administration's rules and consider the supporting evidence underlying the VA's determination that was contained in the record. *See* 20 C.F.R. § 404.1504. Thus, the ALJ's determination of Mr. Maldonado's RFC is supported by substantial evidence, which included the VA's 50% service-connected disability rating.

**3. The ALJ did not improperly interpret treatment records describing Mr. Maldonado's migraine headaches as "stable."**

Mr. Maldonado argues the ALJ improperly interpreted treatment records describing his migraine headaches as "stable" to mean that his migraine symptoms had improved. (Doc. 16, p. 5). Mr. Maldonado contends that "stable" instead means that the frequency of his migraines and his response to treatment remained the same. (*Id.*).

The ALJ, however, did not rely on the term "stable" in isolation when evaluating Mr. Maldonado's migraine symptoms. The ALJ considered progress notes from the Veterans Affairs Medical Center from August 8, 2024, September 5, 2024, and December 11, 2024. (Tr. 28, 3132–35, 3148–50, 3549–50). On August 8, 2024, Mr. Maldonado reported no headache, and his provider assessed his migraine headaches as stable. (Tr. 3148–50). At his September 5,

2024 visit, Mr. Maldonado again reported no headaches, and his provider assessed his headaches as stable. (Tr. 3132–35). Similarly, on December 11, 2024, Mr. Maldonado denied experiencing headaches, and his provider again assessed his migraine headaches as stable. (Tr. 3549–50). The treatment records also reflect that Mr. Maldonado was prescribed topiramate and sumatriptan as needed for his migraine headaches. (Tr. 28, 3135, 3150).

Thus, even accepting Mr. Maldonado's contention that the term "stable" means his condition remained the same rather than improved, the ALJ considered the treatment records as a whole when evaluating his migraine symptoms. (Tr. 26–29). Those records repeatedly document that Mr. Maldonado reported no headaches during visits in which his providers also assessed his migraine headaches as stable. Accordingly, substantial evidence supports the ALJ's evaluation of these treatment records, and Mr. Maldonado's argument that the ALJ improperly interpreted the term "stable" fails.

* * * * *

The ALJ considered Mr. Maldonado's subjective complaints and the medical evidence when determining the RFC. (Tr. 26–29). Mr. Maldonado's photophobia, the VA's 50% disability rating, and interpretation of the treatment records describing Mr. Maldonado's migraine headaches as stable were all addressed within the record as a whole. Accordingly, substantial evidence supports the ALJ's RFC determination.

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk is directed to enter judgment in favor of the Commissioner and close the file.

**ORDERED** in Tampa, Florida, on October 2, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge